## HOIST CAPABLE OF CARRYING BUT A SINGLE PASSENGER NOT A PASSENGER ELEVATOR.

Common Pleas Court of Hamilton County.

WILLIAM F. RAY v. THE STANDARD ACCIDENT INSURANCE COMPANY.

Decided, July 27, 1916.

*Accident Insurance--Double Indemnity Not Recoverable—Where Injury Occurs While Riding on a Hand Hoist—Such a Device Not a Passenger Elevator.*

1. A hand hoist or lift erected for the sole purpose of transporting the officers and employees of a corporation from floor to floor, where the platform of said hand hoist or lift is thirty inches or less square, making it impossible for anyone save the operator thereof to stand thereon, and where the person who desires to use said lift is required to operate it by means of a hand rope, and where it is impossible for the operator to carry anyone upon said lift as a passenger with him, is not a passenger elevator within the terms of a policy of accident insurance providing for double indemnity if the assured be injured while a passenger in or upon a public conveyance provided by a common carrier for passenger service or while in a passenger elevator.
2. In an action to recover double indemnity by the administrator of one who was injured while riding upon such a lift the right to so recover double indemnity will not be allowed.

*Vincent H. Beckman* and *Thomas H. Morrow*, for plaintiff.
*Robertson & Buchwalter* and *B. S. Oppenheimer*, contra.

GEOGHEGAN, J.

This is an action brought to recover double indemnity upon a policy of accident insurance. The facts upon which this case is to be decided are stated in the second defense to the answer

as amended by stipulation of counsel. The second defense is as follows:

"For a second defense defendant reaffirms the allegations hereinbefore contained, and avers further that the policy of accident insurance issued to plaintiff contained among its provisions the following:

"Article 4. The amounts specified in articles one, two and three shall be doubled if the insured is injured under the following circumstances, to-wit: while a passenger in or on a public conveyance provided by a common carrier for passenger service (including the platform, steps or running-board of railway or street railway cars), or while in a passenger elevator (elevators in mines excepted).

"Defendant further avers that at the time when plaintiff was injured as alleged in the petition, he was upon a hand hoist or lift, descending to the ground or first floor of the grain elevator of the Clifton Springs Distilling Company, of which company plaintiff is the general manager; that said hand hoist or lift was erected for the sole purpose of carrying the millwright who had charge of the machinery in said grain elevator; that the platform of said hand hoist or lift was thirty inches or less square, making it impossible for anyone save the operator thereof to stand thereon; that the person who desired to go up or down upon said lift (in this instance the plaintiff), was required himself to operate it by means of a hand rope made fast at the top and bottom of the frame of said lift, and that it was impossible for the operator to carry anyone upon said lift as a passenger with him; that the injury of which plaintiff complains was suffered by reason of a fall from the platform of said hand hoist or lift, and not while he was in or upon any passenger elevator, or while he was a passenger upon any such elevator, as is alleged in said petition."

The stipulation between counsel in the case recites that the answer may be amended to conform with the facts preliminary to submission of the cause to the court, by substituting for the words,

"That said hand hoist or lift was erected for the sole purpose of the millwright, who had charge of the machinery in said grain elevator."

the following words:

"That said hand hoist or lift was erected for the sole purpose

of transporting the officers and employees of said company from floor to floor.''

It will be seen that the sole question in dispute between the parties is whether or not under the provisions of Article 4, quoted above, the plaintiff is entitled to double indemnity, and as I take it, this depends entirely upon whether or not the hand hoist or lift described in the answer is a passenger elevator. This is indeed a case of first impression. I have examined all the authorities that have been submitted by counsel in the very thorough briefs which they prepared for the assistance of the court, and if I am to apply the rule laid down in *Standard Life and Accident Insurance Co.* v. *McNulty*, 177 Fed., 224 (C. C. A., Eighth Circuit, November 16, 1907), I would be constrained to say that a hand hoist or lift, such as is described in the answer, is not a passenger elevator. In that case the court lays down the following rule for the construction of contracts of insurance:

''Agreements of insurance are to be construed like other contracts, according to the sense and meaning of the terms which the parties use, taken in their plain or popular sense.''

Now the use of elevators in large cities has become so common that when one speaks of a passenger elevator he is ordinarily understood to mean an elevator designed strictly for the carriage of passengers; that is, primarily designed for the purpose of carrying persons in large buildings who are tenants thereof, or persons having occasion to resort to such buildings for the purpose of carrying on or transacting matters of business. And, when one speaks of a hand hoist such as has been described in the answer, he is ordinarily not understood as referring to a passenger elevator. Especially is this true when the said hoist or lift, as is described in the answer, is merely designed for the purpose of carrying a single person who may have occasion to use it in and about his ordinary daily avocation.

The authorities do not throw much light on the subject under discussion. There were a number of cases cited, most of which, however, had to do with the construction of language in insur-

ance policies relating to passenger trains and conveyances. Except in so far as the general propositions of construction therein laid down are concerned, they are not of much assistance to the court in this matter.

Counsel for the defendant advances the theory that the word passenger elevator means public elevator, and that therefore the provision for double indemnity is made because of the extremely high degree of care which is required of him who operates it, and that the stringent liability which the law imposes upon such a carrier justifies the insurance company in providing for double indemnity where the accident occurs upon this class of conveyances and under such circumstances as would, aside from the question of contributory negligence, result in the enforcement of that liability upon the carrier. But I hesitate to adopt this as a reason for giving a construction to this contract such as I have hereinbefore given and prefer to place it upon the single ground that a hand hoist or lift is not in a popular sense a passenger elevator.

I must confess that this matter has not been without considerable difficulty to me, and if it were a question of whether or not any indemnity could be recovered at all under the policy, I would be inclined to adopt the strict rule that wherever there is any doubt in the matter, that doubt should be resolved strictly in favor of the insured, but as was pointed out by Judge McPherson in *Depue v. Traveler's Insurance Co.*, 166 Fed., 183, the law has been undergoing a change in so far as the question of double indemnity is concerned, and that while it is still the law that if the language in the policy is fairly capable of a construction favorable to the insured, this will be given, although the clause provides for a double indemnity, nevertheless, the court must presume that in so far as double indemnity is concerned the parties had a special risk in view and the court will endeavor to carry out their intention.

Now in face of the meager facts that are at hand for the decision of this case, how can it be fairly construed that the parties to this contract in providing that double indemnity should

be paid for injuries sustained in a passenger elevator, intended that these should apply to a hand hoist or lift that was used primarily in the ordinary course of business to carry a single employee from floor to floor while engaged in and about his work?

Our own Supreme Court in the case of *New Amsterdam Casualty Co.* v. *Johnson, Administratrix,* 91 Ohio St., 155, seems to have adopted the rule of popular construction of contracts of accident insurance, for in discussing a death which occurred by reason of dilation of the heart following a cold plunge and holding that that was not an accidental death, the court says, at page 160:

"While the views of the laity can not in the very nature of things be the controlling gauge wherewith to measure doubtful legal propositions, yet, it might be suggested that the average business man were the question involved in this case submitted to him, would in all likelihood be surprised if not shocked to learn that it had been held that an injury of the character suffered by the defendant in error should be followed by the payment of indemnity by a strictly accident insurance company."

So, I say here, that if the question as to whether or not the hoist described herein is a passenger elevator be submitted to the average man, I feel confident in saying that he would immediately respond that such elevator was not the kind of passenger elevator as was contemplated by the parties to this contract, and that the passenger elevator contemplated was the kind of elevator that one ordinarily meets with in the various buildings and stores of the community.

Therefore, I am of the opinion that double indemnity should not be allowed in this case, and the judgment will be entered in conformity with these findings upon the pleadings as they are now made up.